## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Robert Lewis Jr.,** *on behalf of himself and others similarly situated,*<br>      **Plaintiff,**<br><br>**v.**<br><br>**Healthcare HD LLC,**<br><br>      **Defendant.** | **CASE NO.: 1:25-cv-02756-AT** |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Healthcare HD LLC hereby submits its Answer and Affirmative Defenses to Plaintiff Robert Lewis Jr.'s Class Action Complaint ("Complaint").

### NATURE OF THIS ACTION[1]

1.    Robert Lewis ("Plaintiff") brings this class action against Healthcare HD LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Defendant does not necessarily agree with, and does not admit, the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

**RESPONSE:** Defendant admits that Plaintiff brings this action under the TCPA but denies the remaining allegations in paragraph 1 of the Complaint and further denies any wrongdoing.

2.      Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone number registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**RESPONSE:** Denied.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

**RESPONSE:** Defendant admits that federal courts generally have subject matter jurisdiction over causes of action arising under the TCPA but denies the remaining allegations in paragraph 3 of the Complaint, denies that Defendant engaged in any wrongdoing, and further denies that Plaintiff suffered any injury as required for federal courts to hear cases or controversies under Article III of the U.S. Constitution.

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**RESPONSE:** The allegations in paragraph 4 state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that it is not contesting venue at this time.

5.      In particular, Defendant delivered, or caused to be delivered, the subject text messages to Plaintiff's cellular telephone in this district, and Plaintiff received the subject text messages in this district.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint and therefore denies them.

## PARTIES

6.      Plaintiff is a natural person who at all relevant times resided in this District in Georgia.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      Defendant is a limited liability company located in Florida.

**RESPONSE:** Defendant admits that it is a limited liability company with its headquarters in Florida.

## FACTUAL ALLEGATIONS

8.    Plaintiff is, and since November 2024, the regular and sole user of his cellular telephone number—(XXX) XXX-4154.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.    Plaintiff uses, and at all times since November 2024, used telephone number (XXX) XXX-4154 as his personal residential telephone number.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.    Plaintiff does not use, and at no time since November 2024, used, telephone number (XXX) XXX-4154 for business or commercial purposes.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.    Plaintiff registered telephone number (XXX) XXX-4154 with the DNC Registry on November 21, 2024.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint and therefore denies them.

12.    Defendant delivered, or caused to be delivered, text messages to telephone number (XXX) XXX-4154—in March and April 2025.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.    Below are the aforementioned messages to telephone number (XXX) XXX-4154:



**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint and therefore denies them.

15.    Defendant delivered, or caused to be delivered, the subject text messages to (XXX) XXX-4154 thirty-one or more days after Plaintiff registered telephone number (XXX) XXX-4154 with the DNC Registry.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.    The subject text messages were intended for someone other than, and unknown to Plaintiff.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17.    The purpose of the subject text messages was to advertise and market various goods, promotions and services through Defendant's business.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18.    Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (XXX) XXX-4154.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19.    Plaintiff did not request information or promotional materials from Defendant.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20.    Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

**RESPONSE:** Denied.

21.    Upon information and good faith belief, Defendant knew, or should have known, that telephone number (XXX) XXX-4154 was registered with the DNC Registry on and after November 21, 2024.

**RESPONSE:** Denied.

## CLASS ALLEGATIONS

22.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

**National Do Not Call Registry Class:** All persons throughout the United States (1) who did not provide their telephone number to Healthcare HD LLC., (2) to whom Healthcare HD LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Healthcare HD LLC goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty-one days before Healthcare HD LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

**RESPONSE:** Defendant admits that Plaintiff purports to represent a putative class but denies the remaining allegations in paragraph 22 of the Complaint and denies that any class could ever be certified or that Plaintiff could satisfy the requirements of Federal Rule of Civil Procedure 23.

23.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**RESPONSE:** Defendant admits that Plaintiff purports to exclude specified persons from the putative class that he seeks to represent but denies the remaining allegations in paragraph 23 of the Complaint and further denies that any class could ever be certified or that Plaintiff could satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

24.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

**RESPONSE:** Denied.

25.    The exact number of members of the class is unknown to Plaintiff at his time, and can be determined only through appropriate discovery.

**RESPONSE:** Denied.

26.    The class is ascertainable because it is defined by reference to objective criteria.

**RESPONSE:** Denied.

27.    In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore denies them.

28.    Plaintiff's claims are typical of the claims of the members of the class.

**RESPONSE:** Denied.

29.    As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation text messages to Plaintiff's telephone number more than thirty-one days after Plaintiff's telephone number was registered with the DNC Registry.

**RESPONSE:** Denied.

30.    Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

**RESPONSE:** Denied.

31.    Plaintiff's claims are based on the same theories as are the claims of the members of the class.

**RESPONSE:** Denied.

32.    Plaintiff suffered the same injuries as the members of the class.

**RESPONSE:** Denied.

33.    Plaintiff will fairly and adequately protect the interests of the members of the class.

**RESPONSE:** Denied.

34.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

**RESPONSE:** Denied.

35.    Plaintiff will vigorously pursue the claims of the members of the class.

**RESPONSE:** Denied.

36.    Plaintiff has retained counsel experienced and competent in class action litigation.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Complaint and therefore denies them.

37.    Plaintiff's counsel will vigorously pursue this matter.

**RESPONSE:** Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint and therefore denies them.

38.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

**RESPONSE:** Denied.

39.    The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

**RESPONSE:** Denied.

40.    Issues of law and fact common to all members of the class are:

    a.    Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

    b.    Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty-one days;

    c.    Defendant's violations of the TCPA; and

    d.    The availability of statutory penalties.

**RESPONSE:** Denied, including sub-paragraphs a through d.

41.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

**RESPONSE:** Denied.

42.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

**RESPONSE:** Denied.

43.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

**RESPONSE:** Denied.

44.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**RESPONSE:** Denied.

45.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

**RESPONSE:** Denied.

46.    The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

**RESPONSE:** Defendant admits only that it didn't damage Plaintiff or any putative class members but denies the remaining allegations in paragraph 46 of the Complaint and further denies that any class could ever be certified.

47.    The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

**RESPONSE:** Denied.

48.     There will be no extraordinary difficulty in the management of this action as a class action.

**RESPONSE:** Defendant admits that there would be difficulty were this case ever to proceed as a class action but denies the remaining allegations in paragraph 57 of the Complaint, and denies that any class could ever be certified.

49.     Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**RESPONSE:** Denied.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c)(5)**

50.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-49.

**RESPONSE:** Defendant repeats and reincorporates all prior responses as though fully set forth herein.

51.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

**RESPONSE:** The allegations in Paragraph 51 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to legal authority, which speaks for itself. Defendant denies any remaining allegations.

52.    A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

**RESPONSE:** The allegations in Paragraph 52 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to legal authority, which speaks for itself. Defendant denies any remaining allegations.

53.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**RESPONSE:** The allegations in Paragraph 53 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to legal authority, which speaks for itself. Defendant denies any remaining allegations.

54.    Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**RESPONSE:** The allegations in Paragraph 54 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to legal authority, which speaks for itself. Defendant denies any remaining allegations.

55.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

**RESPONSE:** The allegations in Paragraph 55 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to legal authority, which speaks for itself. Defendant denies any remaining allegations.

56.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**RESPONSE:** Denied.

57.     Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

**RESPONSE:** Denied.

58.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**RESPONSE:** Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action;

b)   Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c)   Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)   Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e)   Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f)   Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g)   Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h)   Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)        Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)        Awarding such other and further relief as the Court may deem just and proper.

**RESPONSE:** Defendant denies Plaintiff's Prayer for Relief in its entirety (including sub-paragraphs a through j) and further denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

**RESPONSE:** Defendant denies that Plaintiff has alleged any triable issues. Defendant demands a jury trial on all issues so triable.

## GENERAL DENIAL

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any

particular defense.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff failed to show that any calls he allegedly received were calls for "which the called party is charged" as required by the TCPA.

## SECOND AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the putative class members' claims are barred in whole or in part because the calls at issue were made with the prior express permission and/or consent of the called persons.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

Any and all claims brought in the Complaint are barred because the caller possessed a good faith belief that it had consent to call the number at issue.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations

(which is denied), any such violation was not intentional and resulted from a *bona fide* error.

## SIXTH AFFIRMATIVE DEFENSE
### (Acquiescence, Ratification, Estoppel, Waiver)

Plaintiff and putative class members are barred from asserting their claims, in whole or in part, by the equitable doctrines of acquiescence and ratification, estoppel, and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff and putative class members are barred from asserting their claims, in whole or in part, by the doctrine of unclean hands.  For example, Plaintiff cannot assert claims under the TCPA if he acted in bad faith by, for example, providing the subject number referenced in the Complaint for the purposes of receiving calls or otherwise creating his claim against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Mitigation)

To the extent that the Complaint alleges that Plaintiff suffered any purported injury or damages, Plaintiff failed to take any and all reasonable or necessary actions to avoid or reduce his damages, and any damages awarded to him must be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE
### (No Willful or Negligent Misconduct; No Treble or Increased Damages)

Any claim for treble or increased damages is barred because Defendant did not engage in knowing or willful misconduct.

## TENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused the damages, injuries, or violations at issue, to the extent they occurred.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Standing)

Any and all claims brought in the Complaint are barred because Plaintiff lacks standing. For example, Plaintiff has not suffered any actual constitutional injury resulting from Defendant's alleged conduct and therefore does not have standing pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). He likewise lacks standing to the extent his injury (if any) is not traceable to Defendant's acts or omissions.

## TWELFTH AFFIRMATIVE DEFENSE
### (Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties for which Defendant cannot be held vicariously liable. Further, to the extent Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint, it cannot be held liable for it. For example, to the extent contractors caused any damages, injury, violation of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Defendant did not approve that conduct. As such, Defendant cannot be held vicariously liable.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Practices and Procedures)

Any and all claims brought in the Complaint are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (FCC Exceeding Delegated Authority/Hobbs Act)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority. Nor can the Hobbs Act be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder, violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff and the putative class members cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 and therefore cannot maintain this action as a class action. Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, Defendant reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

Respectfully submitted this 16th day of July 2025.

**WATSTEIN TEREPKA LLP**

*/s/ Ryan D. Watstein*
Ryan D. Watstein
Georgia Bar No. 266019
Megan E. Cambre
Georgia Bar No. 167133
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel. (404) 782-0695
ryan@wtlaw.com
mcambre@wtlaw.com

*Counsel for Defendant Healthcare HD LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 16th day of July 2025, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of filing to all counsel of record.

<u>*/s/ Ryan D. Watstein*</u>
Ryan D. Watstein