## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Robert Lewis Jr., *on behalf of himself and others similarly situated*, ) ) | Civil Action No.: 25-cv-2756 |
| ) | |
| Plaintiff, ) | Class Action Complaint |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| Healthcare HD LLC ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Robert Lewis Jr. ("Plaintiff") and Defendant Healthcare HD LLC ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

   **(a)** **Describe briefly the nature of this action.**

   Plaintiff's Statement:

   Mr. Lewis filed a class action complaint against Healthcare HD LLC through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text  to cellular telephone numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

   There are no pending or previously adjudicated related cases.

<u>Defendant's Statement:</u>

Mr. Lewis has filed a slew of class action complaints against various entities claiming that the Defendants have violated the Telephone Consumer Protection Act ("TCPA") by virtue of sending text messages to his phone number, which he claims he acquired in 2024 and added to the Do Not Call Registry in November 2024. Defendant received consent to contact this number on March 26, 2025 and, thereafter, proceeded to contact this number as requested. It appears that the former owner of the number (Shirel) continued to provide that number to companies even though she no longer had the number, resulting in texts to "Shirel" that were received by Plaintiff, the new owner. Defendant maintains that such texts are not actionable under the TCPA.These dispositive issues should be resolved as to Lewis's individual claim before subjecting Defendant to the expense of burdensome class discovery.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called.  Nevertheless, it is alleged that text messages like the below we received:



Plaintiff alleges these calls were sent *en masse* to putative class members.

Defendant maintains that it received consent to contact this number, and only messaged this number after it received such consent. These texts are not "calls," and thus are not actionable under the TCPA.

**(c)    The legal issues to be tried are as follows:**

1.    Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2.      Whether text messages are "telephone call[s]" under that statute;

3.      Whether this action should be certified as a class action;

4.      Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

5.      Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)      The cases listed below (include both style and action number) are:**

(1)      Pending Related Cases:

Defendant maintains that the following cases are related to this action since they appear to deal with similar consent issues regarding the former owner of the telephone number, Shirel Price:

- *Lewis v. Excellence Forward, LLC*, 1:25-cv-03927 (N.D. GA), complaint filed on July 25, 2025.

- *Lewis v. CVS Pharmacy, Inc.*, 1-25-cv-03763 (N.D. GA), complaint filed on July 7, 2025.

- *Lewis v. 4th Ave Marketing LLC*, 1-25-cv-02764 (N.D. GA), complaint filed on May 18, 2025.

- *Lewis v. Key Digital Strategies LLC*, 1-25-cv-02757 (N.D. GA), complaint filed on May 16, 2025.

The Plaintiff disputes that these cases are "related", but agrees that they all involve matters where the Plaintiff was contacted by companies that did not have consent to do so.

(2)    Previously Adjudicated Related Cases:

None.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| x | (1) | Unusually large number of parties |
| | (2) | Unusually large number of claims or defenses |
| x | (3) | Factual issues are exceptionally complex |
| x | (4) | Greater than normal volume of evidence |
| x | (5) | Extended discovery period is needed |
| | (6) | Problems locating or preserving evidence |
| | (7) | Pending parallel investigations or action by government |
| x | (8) | Multiple use of experts |
| | (9) | Need for discovery outside United States boundaries |
| | (10) | Existence of highly technical issues and proof |
| x | (11) | Unusually complex discovery of electronically stored information |

**3.  Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:        Anthony Paronich
                                   Paronich Law, P.C.


Lead counsel for Defendant:        Ryan Watstein
                                   Watstein Terepka LLC


**4.  Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐  **Yes**      ☒  **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**<u>Parties to This Action</u>:**

(a)    The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject text messages, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

<u>Defendant's Response</u>: To the extent that Defendant determines that the consent was submitted by another entity or person, whether on their own or on Plaintiff's behalf, Defendant may seek to add that party to this matter.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

As noted above, both Plaintiff and Defendant may seek to add parties and/or additional claims if discovery warrants the inclusion of such parties or claims.

(b)    Amendments to the pleadings submitted LATER THAN SIXTY (60) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law. To the extent that discovery is phased, Plaintiff and Defendant intend that the deadline to amend runs until the end of phase 1 discovery. Therefore, if for any reason, phase 1 discovery is extended beyond the initially contemplated sixty (60) day period, the deadline to amend should be similarly extended.

**7.** **Filing Times for Motions**:

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

*(a)* ***Motions to Compel:*** before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

*(b)* ***Summary Judgment Motions:*** within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

*(c)* ***Other Limited Motions:*** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d)* ***Motions Objecting to Expert Testimony:*** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

Defendant requests that it be permitted to file a motion for summary judgment at the close of Phase I discovery. If necessary, Phase II discovery should start 14 days after the Court's disposition of any such motions.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be fourteen months from the date of entry of this Scheduling Order.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

In the event that discovery is not phased, the parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) by February 2, 2026;

Defendant to disclose expert(s) and/or any rebuttal expert(s) by March 4, 2026; and

Plaintiff to disclose any rebuttal expert(s) by April 2, 2026.

In the event of phased discovery, Defendant proposes the following expert disclosure schedule:

Plaintiff to disclose expert(s) within five months of the start of Phase II discovery.

Defendant to disclose expert(s) and/or any rebuttal expert(s) 30 days after Plaintiff's expert disclosure.

Plaintiff to disclose any rebuttal expert(s) 30 days after Defendant's expert disclosure.

**<u>Initial Disclosures</u>:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

**8.  <u>Request for Scheduling Conference</u>:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

 Defendant respectfully respects the opportunity to be heard on its proposal to phase discovery. The Plaintiff opposes bifurcated discovery.

**9.  <u>Discovery Period</u>:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to

which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result. The Plaintiff opposed bifurcated discovery as it is undisputed that the Plaintiff did not provide the purported consent at issue.

Defendant anticipates that discovery will be needed on the issue of consent, as well as on the propriety of proceeding as a class action. Given that Defendant contacted Plaintiff's number after receipt of consent to contact

such number, Defendant proposes that discovery and the case be phased as outlined below. **If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff does not believe that discovery should be conducted in phases.

Defendant claims that discovery is supported because the Plaintiff agreed in another matter to stay discovery related to the issue or arbitration in another matter. However, there the Defendant was claiming that it was possible that Mr. Lewis had provided the number himself or had instructed a third-party individual to. The parties took a single deposition there and confirmed that was *not* the case. As such, there will be no arbitration motion filed in that matter and discovery will commence in the ordinary course. Here, the Defendant seeks an entire discovery period related to the Plaintiff's individual claim, not a single issue that would otherwise have forced the parties to have a trial on arbitration, which the Plaintiff (correctly) claimed could not be supported after the deposition occurred.

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual claim" discovery and all that entails: written discovery

requests, depositions, and then expert disclosures and expert depositions, all limited just to the individual claim of the Plaintiff. Then, Defendant would file a dispositive motion to Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification issues only. And after that, there would be a second round of dispositive motions on the class issues. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, No. 3:cv-14-0282, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. Sept. 15, 2014).

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification.  Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . .  because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, No. 8:10-cv-2008, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla.

2011) ("[T]he line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'").

As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023). Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class

certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in yet another TCPA case, "Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Indeed, as another Court in Texas held on March 19, 2025 while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).
>
> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC*

*Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v.*

*Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same.

Far from promoting efficiency, Defendant's proposal guarantees waste. Courts consistently reject bifurcation in TCPA actions because the discovery necessary to test individual claims is the same discovery necessary to litigate class certification. Consent, safe harbor procedures, and whether text messages fall within the TCPA are not isolated, individual issues—they are systemic practices that will require classwide discovery regardless.

Finally, regarding the merits Defendant leans on a pair of outlier district court decisions (one of which is already on appeal) claiming that texts are not calls. But the Supreme Court, every circuit to consider the issue, and the FCC itself have held texts are 'calls' under the TCPA. This Court is bound by that precedent, not by non-binding, unsettled trial-level rulings. In any event, there is no need for an individual

discovery period if the Defendant claims that texts are not calls under the TCPA. They should simply file their motion.

Also relevant, counsel for the Plaintiff has disclosed to counsel for the Defendant that they have been retained by another individual with a claim against Defendant. This is a substantial factor against having a dedicated discovery period to one individual's claims as the Court discussed in *Charvat v. Plymouth Rock Energy, LLC*, 2016 U.S. Dist. LEXIS 6778, *6-7 (E.D. NY.):

> Further, Plymouth submits nothing to demonstrate that the information sought would be unduly burdensome to produce or disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(a)(1) (setting forth standard). There is also no indication as to which discovery requests Defendant believes would be objectionable as class-based and which requests it is willing to respond to. Accordingly, Defendant has left the Court to either parse its moving papers and attachments to determine the contours of discovery it would be deem permissible, or it simply seeks to leave that issue for future motion practice and resolution by the Court, neither of which promotes judicial efficiency or a prompt resolution of the case. *See True Health Chiropractic*, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *2 (recognizing the "slew of issues" that would arise from bifurcation regarding what discovery concerns the class as opposed to the named plaintiff).

> In fact, bifurcation would have the opposite effect. Much of the discovery sought appears [*7] relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness. *Accord* DE [25] (Defendant arguing that it has a "strong defense" because it cannot be held "vicariously liable" for the conduct at issue as it relates to Plaintiff and recognizing the difference in recovery for a "willful" violation of the statute).

> Moreover, even if the named Plaintiff's claim were defeated, there is no reason to think that this case would likely end. The Complaint identifies complaints by two other individuals involving Plymouth. Both claim to have received more harassing calls than Plaintiff, and either one could replace Plaintiff as a class representative. Accordingly, there is no indication from the motion papers that Defendant's success as to Plaintiff's individual claim would necessarily result in a prompt, efficient resolution of this litigation.

Similar here, "there is no reason to think that this case would likely end" through a bifurcated discovery period.

**<u>Defendant's Position:</u>**

Defendant proposes that discovery be conducted in two phases: (1) the first 60 days of discovery will be limited to matters related to Plaintiff's individual claims, and (2) if necessary, all remaining discovery will be conducted after the Court rules on any dispositive motions brought after the initial 60-day period.

Defendant contacted Plaintiff's number only after receiving consent to contact that number. The TCPA contains a safe harbor provision that provides an affirmative defense if the defendant "has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). Limited discovery into Plaintiff's claims will show that (a) Defendant obtained consent to contact Plaintiff's number, and (b) Defendant operates within this safe

harbor. Defendant proposes that discovery be phased such that discovery related to Plaintiff's claims should be completed before discovery relating to the claims of any putative class, which is inherently uncertifiable anyway given the one-off nature of Plaintiff's claims. Under this schedule, the first 60 days of discovery will be limited to matters related to Plaintiff's individual claims.

It makes little sense to open the door to expensive and expansive class-wide discovery before addressing the narrow, potentially dispositive threshold issues of whether Defendant had consent to contact Plaintiff's number, whether the safe harbor provision under 47 U.S.C. § 227(c)(5) precludes liability for Plaintiff's TCPA claims, and whether the statutory provision at issue applies to texts at all. While discovery is not necessarily needed as to the last pleading-stage dispositive issue, Defendant seeks to maximize judicial efficiency and combine these dispositive arguments into one motion to be filed at the end of phase I discovery. Of course, given the recent authority that text messages do not fall within the purview of the TCPA, Defendants could file a motion for judgment on the pleadings on this basis alone. *See, e.g, Davis v. CVS Pharmacy, Inc.*, No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) (dismissing TCPA complaint based on text messages as "no ordinary person would think of a text message as a 'telephone call.'" (emphasis in original)); *Jones v. Blackstone Med. Servs., LLC*, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, at *6 (C.D. Ill. July 21, 2025)

(finding that Plaintiffs failed to state claims for violations of TCPA Section 227(c) based on the reeipt of "text messages"). In the interests of judicial efficiency, Plaintiff seeks to combine these case-dispositive issues into one filing for the Court to review.

As Plaintiff's counsel is aware due to his experience before another judge in this district, bifurcating discovery into two phases "will promote the efficient resolution of this matter" because "[i]t will allow the Court to address a narrow, potentially dispositive issue in a timely and cost-effective manner with no significant prejudice to Plaintiff." *Newell v. Aliera Healthcare, Inc.*, No. 1:19-CV-01489-SCJ, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020). Consent was also an issue in *Newell*, and the court determined that "limited discovery on how [Defendants] acquired Plaintiff's contact information and whether that acquisition constitutes consent under the TCPA "has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery." *Id.* So too here.

Indeed, Plaintiff and his counsel agreed to stay proceedings and allow initial limited discovery into the consent issue in another related Lewis TCPA action currently pending in the Northern District of Georgia. *See Lewis v. 4th Avenue Marketing LLC*, 1-25-cv-02764, Order Granting Joint Motion for Limited Stay and

to Extend The Time For the Plaintiff to File a Motion For Class Certification (N.D. Ga July 30, 2025) (allowing "limited discovery on the issue of arbitrability").

Phased discovery can "simplify the case and [] save both parties the time and expense of class discovery[.]" *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021). Defendant, not Plaintiff, will bear the substantial and potentially unnecessary hardship of class discovery. A phased discovery approach will serve the interest of justice by avoiding unnecessary discovery expenses and disputes before the Court, if Plaintiff's individual claims are disposed of at an earlier point. *Book v. Flexpro, LLC*, 2023 WL 9471634, at *1 (M.D. Fla. Sept. 11, 2023) ("Because in this instance phased discovery appears to promote efficiency, Defendant's proposed discovery plan is adopted[.]"); *Cunningham v. Big Think Cap., Inc.*, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (phasing discovery in TCPA case, noting there is good cause to do so where the resolution of a single issue may resolve the case and "render trial on the other issue[s] unnecessary").

Phased discovery is the most efficient path forward for the parties and the Court—which would have to police class discovery disputes—given the threshold questions that are likely to end the case without the need for any class-wide discovery. This Court should follow numerous other district courts that have allowed

phased discovery in similar cases.[1] Indeed, in every case in which the undersigned has asked for and obtained phased discovery, the court has never needed to decide the ultimate issue of class certification. That speaks to the efficiency of phased discovery in a case like this.

The cases cited by Plaintiff do not raise these sort of individualized, case-dispositive issues. For example, in *Hartley-Culp v. Credit Mgmt. Co*, No. 3:cv-14-0282, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. Sept. 15, 2014), the only issue appeared to be whether Defendant used an automated telephone service, which, unlike the consent circumstance here, is not an issue on which individual discovery would necessarily be beneficial. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) was an antitrust action and was about class certification, not about bifurcation of discovery and the related concerns about the crushing litigation expenses that can

---

[1] *See, e.g., Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, ECF No. 15 (S.D. Ohio June 21, 2019) (plaintiff agreed to phase individual and class discovery in TCPA class action to address whether the named defendant placed the calls); *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF No. 12 (N.D. Ohio Feb. 25, 2020) (same in TCPA case); *Gates v. Support Servs. Grp., Inc.,* No. 6:22-cv-00045, ECF No. 10 (W.D. Tex. Mar. 30, 2022) (same); *Moore v. Charter Commc'ns, Inc.*, No. 3:20-cv-01867, ECF No. 24 (D. Conn. March 24, 2021) (same, noting "discovery will be bifurcated into two phases and the first phase is devoted to plaintiff's individual claim"); *Connor v. Charter Commc'ns, Inc*., No. 6:19-cv-2008, ECF No. 31 (D.S.C. Dec. 5, 2019) (same and allowing defendant to file an individual summary judgment motion); *May v. Gladstone et al.*, No. 2:21cv-02312, ECF No. 17, 19 (C.D. Cal. June 28, 2021) (similar); *Williams v. Tax Defense Network*, LLC, No. 2:20-cv-00312, ECF No. 15 (N.D. Ind. Nov. 5, 2020) (similar); *MacDonald v. R&H Indus., LLC*, No. 2:20-cv-00682, ECF No. 17 (D. Ariz. Jul. 17, 2020) (similar).

be wrought on a Defendant. The unreported order in *Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023) was based on a review of a joint status report that merely had one passing sentence that "Defendant prefers that discovery be bifurcated to focus first on class certification issues and to resolve that issue before proceeding on the merits." See *Katz*, ECF No. 10. Defendant objectively failed to provide any reasoning in support of bifurcation, much less identify an individualized, case-dispositive issue of the sort that justifies bifurcation. *Id.* Likewise, there were no dispositive, individualized issues identified in *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2, *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023) or *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018), *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 WL 733393 (D.S.C. Feb. 24, 2021), or *Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025).

Plaintiff extensively quotes Charvat v. Plymouth Rock Energy, LLC, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016). Even that court recognized that phased discovery is appropriate in circumstances like these "where the 'resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary.'" *Id.* And the primary issue in *Charvat* was that the defendant failed to identify the

precise individual issues on which it contended that discovery should be limited. *Id.* Instead, it vaguely stated it has "strong defenses." *Id.* Here, by contrast, Defendant has identified narrow, dispositive issues upon which Plaintiff's claims could be adjudicated on an individual basis, namely (1) whether Defendant's receipt of consent to contact Plaintiff's number falls within the bounds of the TCPA's safe harbor provision, and (2) whether Plaintiff's claims, which are related to the receipt of text messages, are actionable under a statute that applies to telephone calls. Phased discovery allows the Court to deal with these dispositive issues first, before imposing the burdens and expenses of class discovery on a Defendant whose records demonstrate that it received permission to contact Plaintiff's number. *See, e.g., Harris v. Shore Funding Sols. Inc.*, No. 23CV00789JMAJMW, 2023 WL 3440077, at *4 (E.D.N.Y. Apr. 21, 2023) (allowing bifurcation, and distinguishing *Charvat* for its failure to identify the areas of which it believed initial discovery should be limited). In any event, that Plaintiff's counsel may have another client with claims against Defendant says nothing about whether discovery should be phased in this unique situation, where both parties have indications that the former owner of the phone number at issue may have submitted a lead form providing permission for Defendant to contact said number. This issue should be resolved before class-wide discovery.

Defendant proposes that the first 60 days of discovery be limited to matters related to Plaintiff's individual claims, with dispositive motions based on those issues to be filed at the end of Phase I discovery. Defendant requests that the deadline to complete any remaining discovery in Phase II be 11 months from the Court's disposition of any dispositive motions brought at the end of Phase I discovery.

Plaintiff requests that the deadline to complete all discovery should be thirteen (13) months from the date of entry of this Scheduling Order.

**10. <u>Discovery Limitations</u>:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b)    Is any party seeking discovery of electronically stored information?

☒    **Yes**        ☐    **No**

**If "yes,"**

**(1)**    The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows:  The parties agree that there is not extensive electronic information relative to this case.  The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable

PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)**     The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows:  The parties agree that there is not extensive electronic information relative to this case.  The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**11.** **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

**12.** **Settlement Potential:**

**(a)     Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on August 6, 2025 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Defendant:                     */s/ Anthony Paronich*

For Plaintiff:                    */s/ Ryan Watstein*

                                       Megan Cambre also participated in the conference and settlement discussions on August 6, 2025.

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

      ☐    A possibility of settlement before discovery.

      ☒    A possibility of settlement after discovery.

      ☐    A possibility of settlement, but a conference with the judge is needed.

      ☐    No possibility of settlement.

**(c)    Counsel ☒ do   ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**13. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**   ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 8th day of September, 2025

<div style="margin-left:40%">

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

**WATSTEIN TEREPKA LLP**

*/s/ Ryan D. Watstein*
Ryan D. Watstein
Georgia Bar No. 266019
Megan E. Cambre
Georgia Bar No. 167133
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel. (404) 782-0695
ryan@wtlaw.com
mcambre@wtlaw.com

*Counsel for Defendant Healthcare HD LLC*

</div>