IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ROBERT LEWIS, JR., *on behalf of himself and others similarly situated*, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:25-cv-2756-AT |
| HEALTHCARE HD LLC, | |
| Defendant. | |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed by the Parties, ("JPRDP", Doc. 11), the Court **ORDERS** that the time limits for adding parties, amending the pleadings, filing motions, and completing discovery are as stated in JPRDP, unless otherwise specified below.

Defendant's request for a bifurcated discovery period is **DENIED**. First, Defendant elected to answer the Complaint rather than move to dismiss based on the theory that text messages are not "telephone call[s]" under the Telephone Consumer Protection Act. The Court thus sees no reason to bifurcate discovery to allow expedited summary judgment briefing on this legal issue, particularly where Defendant remains free to move for judgment on the pleadings.

Second, the possibility that Mr. Lewis's individual claim may be subject to certain affirmative defenses is not a persuasive basis for bifurcating discovery. If discovery raises doubts about the viability of Mr. Lewis's claim, Plaintiff could seek to add other individual plaintiffs as class representatives. In fact, Plaintiff may request to add other individual plaintiffs regardless of what discovery reveals about Mr. Lewis's claim. The Court is therefore not convinced that bifurcation will foster efficiency in the way that Defendant suggests.[1]

Plaintiff's request for a 13-month discovery period is also **DENIED**. The parties will instead proceed with a **10-month** discovery period. If Plaintiff wishes to move for class certification, he must do so by **January 16, 2026**. Motions for summary judgment may be filed at any time until **30 days** after the close of discovery. *See* Local Rule 56.1(D).

As requested, the expert disclosure schedule will be as follows: Plaintiff will disclose expert(s) by **February 2, 2026**; Defendant will disclose expert(s) and/or any rebuttal expert(s) by **March 4, 2026**; and Plaintiff will disclose any rebuttal expert(s) by **April 2, 2026**.

**IT IS SO ORDERED** this 9th day of September, 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**

---

[1] Defendant may of course cite Mr. Lewis's unique affirmative defenses in opposition to class certification or in a motion for summary judgment.