IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Robert Lewis Jr., *on behalf of himself and others similarly situated,*<br><br>    Plaintiff,<br><br>v.<br><br>Healthcare HD LLC,<br><br>    Defendant. | CASE NO.: 1:25-cv-02756-AT |

**JOINT MOTION TO EXTEND
DEADLINE TO MOVE FOR CLASS CERTIFICATION**

Plaintiff Robert Lewis Jr. and Defendant Healthcare HD LLC (collectively, the "Parties"), by and through undersigned counsel, respectfully submit this Joint Motion to extend the deadline for Plaintiff to move for class certification.

On September 9, 2025, the Court entered its Scheduling Order, which provides that if Plaintiff wishes to move for class certification, he must do so by January 16, 2026. (Doc. 13). The Parties respectfully request that the Court extend that deadline by ninety (90) days, to April 16, 2026, because key discovery necessary to support a complete class certification motion remains outstanding, including production of texting data that Plaintiff claims is central to determining the scope of the putative class and establishing the Rule 23 requirements.

The Parties have met and conferred regarding production of this data, including a telephonic meet-and-confer on December 10, 2025 and another call on January 9, 2026. They are working collaboratively and in good faith to resolve outstanding issues and objections. In the meantime, Defendant understands Plaintiff requires additional time to file a fully supported class certification motion. Nor does Defendant object to the modest extension that Plaintiff seeks, which should allow the motion to be filed on a complete record without disrupting the orderly progression of the litigation.

Good cause therefore exists to modify the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4). The texting data at issue—including records reflecting text message content, transmission mechanisms, dates, recipient lists, and the overall universe of recipients—is essential to class certification because it bears directly on numerosity, commonality, typicality, adequacy, predominance, and other Rule 23 considerations. Plaintiff has been diligent in pursuing this information. He has permitted Defendant additional time to gather the historical documents, given a variety of issues (including the departure of one of Defendant's team members), and the parties have conferred promptly to address related discovery issues. Given that the necessary data remains outstanding, Plaintiff will not have sufficient time to obtain and analyze the data and prepare a meaningful class certification motion by January 16, 2026.

Extending the class certification deadline by ninety days will not prejudice Defendant and will promote judicial economy by ensuring that class certification briefing is based on a complete evidentiary record, rather than on incomplete information resulting from unresolved production issues.

The Parties therefore respectfully request that the Court extend Plaintiff's class certification deadline from January 16, 2026 to April 16, 2026, with all other deadlines and provisions of the Scheduling Order remaining in effect unless otherwise ordered by the Court.

Respectfully submitted this 13th day of January 2026.

/s/ *Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

/s/ Matthew A. Keilson
Ryan D. Watstein
GA Bar No. 266019
ryan@wtlaw.com
Matthew A. Keilson
GA Bar No. 216676
mkeilson@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of January 2026, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of filing to all counsel of record.

*/s/ Matthew A. Keilson*
Matthew A. Keilson